IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JULIUS BRYSON, | : | |
| Petitioner, | : | |
| v. | : | CASE NO.: 1:12-cv-192 (WLS) |
| GREGORY MCLAUGHLIN, Warden, | : | |
| Respondent. | : | |

### ORDER

Petitioner Julius Bryson filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking the vacatur of his Turner County convictions for armed robbery and possession of a firearm during the commission of a crime. The case is before the Court on a Recommendation from the United States Magistrate Judge, who recommends that the petition be denied. Bryson filed a timely objection to the Recommendation.

Bryson challenges two portions of the Recommendation. First, he challenges the magistrate judge's recommendation regarding his due process challenge to a jury charge regarding the level of certainty of an eyewitness identification. Bryson claims that the instruction was error, and there is insufficient evidence to declare it harmless. Second, Bryson reasserts his ineffective assistance of trial counsel claims, which, in his petition, were enumerations four through seven, respectively: failure to object to opinion testimony; failure to object to a burden-shifting question; failure to object to improper in-court identification; and failure to request a lesser included charge. The Court concludes these arguments lack merit.

On the first ground of the objection, the Court agrees with the magistrate judge that the Court of Appeals of Georgia's decision was not contrary to or an unreasonable application of federal law. A jury instruction does not violate the due process clause unless it "was so misleading as to make the trial unfair." *Agan v. Vaughn*, 119 F.3d 1538, 1545 (11th Cir. 1997). Here, the trial court's instruction to consider the level of certainty of an eyewitness's identification did not render the trial unfair. There was ample—even overwhelming—evidence to corroborate the identification and render harmless the erroneous charge. In particular, Bryson led police on a high-speed chase shortly after the robberies in a vehicle that matched a description given by several witnesses. During the search of that vehicle, police discovered clothing and a bandana worn during the robbery and the second victim's driver's license. One of the passengers in the car had about $600 in cash, about the same amount of money taken from one of the robbery victims. Thus, the erroneous instruction did not render the trial unfair.

The Court also agrees with the magistrate judge that Bryson is not entitled to relief on his ineffective assistance of counsel claims. Once again, Bryson has not shown that the intermediate state appellate court's opinion was contrary to, or an unreasonable application of, clearly established federal law. It was Bryson's burden to show deficient performance and prejudice for each enumeration. *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted). But Bryson did not meet that "heavy burden." *Id.* The Court of Appeals, citing the correct standing from *Strickland v. Washington*, 466 U.S. 668 (1984), found that Bryson's trial counsel was not deficient for failing to object to the material in enumerations five through seven. The Court finds no reason to disagree with that holding, and Bryson does not provide any reason to. And even if the trial counsel erred in allowing improper opinion testimony, Bryson has not shown how it was unreasonable for the appellate court to find he did not suffer prejudice from the failure.

For those reasons, and after a de novo review of the Recommendation (Doc. 13) and the record, the Court finds the Recommendation should be, and hereby is, **AC-**

**CEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. Bryson's Petition is **DENIED**.

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist would find it debatable that ground two is procedural defaulted. Bryson also has failed to show that it is debatable that his petition states a valid claim of the denial of a constitutional right.

The Court therefore **DENIES** Bryson a certificate of appealability.

**SO ORDERED**, this   27th   day of November, 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**